# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ROY RICKARD and KATHY RICKARD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | C.A. Nos. 26-cv-175-MSM-PAS 26-cv-179-MSM-PAS |
| Defendant. | ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| ROY RICKARD and KATHY RICKARD | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court are two Motions to Consolidate filed by Safeco Insurance Company of America ("Safeco"), (ECF Nos. 6 [26-175] and 12 [26-179]), and a Motion to Dismiss filed by Roy and Kathy Rickard ("the Rickards"), (ECF No. 7 [26-179]). For the following reasons, the Court GRANTS both Motions to Consolidate and DENIES the Motion to Dismiss as moot.

## I.    BACKGROUND

This dispute arises from the Rickards' attempt to seek uninsured motorist coverage from Safeco.  Both parties have filed a separate action in this Court seeking to resolve their insurance coverage dispute.  *See* C.A. No. 26-cv-175; C.A. No. No. 26-cv-1769.  While Safeco has moved to consolidate these actions in both pending cases, (ECF Nos. 6 [26-175] and 12 [26-179]), the Rickards have opposed consolidation and instead move to dismiss the second action that Safeco filed against them.  (ECF No. 7 [26-179].)

The Rickards filed the first action seeking additional uninsured motorist coverage against Safeco on March 26, 2026.  C.A. No. 26-cv-175.  The next day, Safeco filed a separate, second action seeking a declaratory judgment regarding the same insurance policy between the parties.  C.A. No. 26-cv-179.  Critically, at the time that Safeco filed the second lawsuit, the Rickards had neither served Safeco as a defendant in the first action nor had they directly contacted Safeco about their decision to file their action against it, even though counsel for both parties had been in contact with one another.  (ECF No. 13 at 3-4.)  Following the initiation of both cases, the parties filed their respective Motions to Consolidate and Motion to Dismiss. (ECF Nos. 6 [26-175], 12 [26-179], 7 [26-179].)

## II.    MOTION TO CONSOLIDATE STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure provides the following:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;

> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The First Circuit has provided the framework for applying this rule and directed courts to begin by assessing whether the two proceedings before it "involve a common party *and* a common issue of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* (citation omitted). Finally, "[a] motion for consolidation will usually be granted unless the party opposing it can show demonstrable prejudice." *Id.* (cleaned up).

### III.   DISCUSSION

The Court's review of the record and the parties' arguments reveal that Safeco has demonstrated its entitlement to consolidation. Specifically, the Court concludes that consolidation serves as the appropriate resolution of the pending motions because both actions involve the same parties and the same subject matter: the parties' dispute related to uninsured motorist coverage. *Compare* No. 26-175 *with* No. 26-179. As a result, the Court chooses to exercise its discretion and grants Safeco's Motion to Consolidate to allow this dispute to proceed in a more efficient manner. *See McAuto Sys. Grp., Inc.*, 878 F.2d at 8.

Nevertheless, the Rickards oppose consolidation and argue that the Court should instead dismiss Safeco's second-filed action. In support of this argument, the

Rickards argue that Safeco "knew or should have known" of the first lawsuit because, at some point on March 27, Safeco received an email from this Court informing it that the Rickards had filed their lawsuit against it. (ECF No. 7 at 2-3.) However, as Safeco acknowledges, the Rickards had neither served it with a summons and copy of their complaint nor had they notified Safeco about their decision to file this action through other, more informal means such as through the email correspondence that both parties had previously used to communicate about this coverage dispute. (ECF No. 11 at 1-2.) Safeco also argues that on March 26, the day that the Rickards filed their action, Safeco informed them of *its* intent to file a lawsuit related to their dispute and that—according to Safeco—counsel for the Rickards' ignored Safeco's email and made the decision to file a competing lawsuit instead. *Id.*

Although the Rickards have attempted to accuse Safeco of improperly filing the second action notwithstanding its "notice" of the earlier lawsuit, the Rickards' failure to either serve or informally notify Safeco of their action demonstrates that Safeco lacked the requisite notice of this dispute's existence and that Safeco instead possessed the proper authority to file a separate action when it chose to do so. *See Echevarria-Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) ("[a]ctual notice and simply naming the person in the caption of the complaint is *insufficient* to subject a defendant to the jurisdiction of the district court.") (emphasis added).

The Court therefore concludes that: (1) Safeco lacked notice of the Rickards' first-filed action; (2) Safeco properly filed the subsequent declaratory judgment lawsuit; and (3) consolidation serves as the appropriate remedy to resolve this

dispute, which mandates that the Court deny the Rickards' Motion to Dismiss as moot.

## IV.    CONCLUSION

Based on the foregoing, the Court GRANTS Safeco's Motions to Consolidate, (ECF Nos. 6 [26-175] and 12 [26-179]), and DENIES AS MOOT the Rickards' Motion to Dismiss (ECF No. 7 [26-179].)

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

July 24, 2026